THERON E. CATLIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

IRENE C. ALLEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

DANIEL K. CATLIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 25413, 25414, 25421. Promulgated March 11, 1932.

*E. G. Curtis, Esq.*, and *D. N. Kirby, Esq.*, for the petitioners.
*C. H. Curl, Esq.*, for the respondent.

**OPINION.**

MARQUETTE: The first question here presented is whether under the trust agreement of October 31, 1916, the beneficiaries of the Catlin Estate may, as individuals, deduct losses sustained by the sale of capital assets of the estate.

It is clear, we think, that the trust in question was revocable. The respondent so treats it, and the facts sustain that view. While the trust agreement did not contain an express power of revocation, *in haec verba*, it did permit any or all of the beneficiaries to alienate his or her interest in the trust assets at any time. The settlors of the trust were the sole beneficiaries in exactly the same proportions as were their contributions to the trust, and they were also the remaindermen. Throughout the taxable years the present petitioners

were the only settlors and beneficiaries of the trust, in equal proportions; two of them were trustees, while the third trustee was the husband of the third settlor-beneficiary, and the trust was revoked by the settlor-beneficiaries, the petitioners herein. These facts bring the present proceedings into close analogy with the cases of Stoddard v. Eaton, 22 Fed. (2d) 184; Selah Chamberlain, 19 B. T. A. 126, and Trudie T. Munger, 16 B. T. A. 168. Each of those cases dealt with a revocable trust and it was held in each that sales of securities which had been nominally placed in trust by the settlor-beneficiary were not sales of trust property within the meaning of the Revenue Acts of 1918 and 1921, and that losses sustained on such sales were deductible by the settlor-beneficiary from his personal income.

In support of his contention that the petitioners, as beneficiaries of the trust, are not entitled to make such deductions, respondent cites Baltzell v. Mitchell, 3 Fed. (2d) 428; Abell v. Tait, 30 Fed. (2d) 54; Arthur H. Fleming, 6 B. T. A. 900; Mary P. Eno Steffanson, 1 B. T. A. 979; George M. Studebaker, 2 B. T. A. 1020; Henry Stoddard, 3 B. T. A. 79; and Helene R. McConnell, 3 B. T. A. 260. Apparently none of those decisions, except that of Henry Stoddard, dealt with a revocable trust such as we are now considering, and the Board's decision in the Stoddard case was virtually overruled by the United States District Court in Stoddard v. Eaton, supra. The court was there dealing with the Revenue Act of 1918, section 219; but, so far as it is here applicable, the language is identical with that in the Revenue Act of 1921. In reaching its conclusion in that case the court said:

After all, the word "trust" as used in section 219 of the Revenue Act of 1918 (Comp. St. Sec. 6336⅛ ii), can hardly have been intended to comprehend every instance in which a trust is recognized in equity. A trust ex maleficio, a resulting trust, or a constructive trust are examples of trusts which do not fit into the frame of the statute. A trust, as therein understood, is not only an express trust, but a genuine trust transaction. A revenue statute does not address itself to fictions.

The policy of the law is now more clearly expressed in the language of the acts of 1924 and 1926, which provide (43 Stat. 275, and 44 Stat. 32 [(26 U. S. C. A. Sec. 960 subd. (g)] that, where a grantor of a trust reserves the power to revest himself with the title to any of the corpus of the trust, then the income of such part is the income of the grantor.

While the Act of 1924 is not applicable to the case at bar in the sense that the statute is not retroactive, nevertheless the action of Congress under the circumstances may well be regarded as a clarification of an originally obscure expression of legislative intent.

In view of the surrounding circumstances, we are unable to agree with respondent's contention. Following the decisions in Stoddard v. Eaton; Selah Chamberlain; and Trudie T. Munger, supra, it is our opinion that the sales of securities during 1922 and 1923 were

not sales of trust property within the meaning of section 219 of the Revenue Act of 1921, and that losses sustained by reason of those sales were properly deductible by petitioners individually and pro rata for the respective years, unless such losses were otherwise nondeductible.

The respondent contends that the stock-sale transactions between Justina G. Catlin, mother of these petitioners, and the trust estate, were not bona fide and that therefore the alleged losses were not deductible. There is no dispute as to losses from stocks sold on the market, nor as to the amounts of losses sustained.

We are unable to concur with the respondent's view. While transactions of the sort in question may call for careful scrutiny, the record discloses actual sales, for cash, at the regular market prices of the stocks sold. After Justina G. Catlin purchased the securities from the trust estate she retained them as investments. There is nothing in the evidence to indicate that she was not fully competent to conduct business transactions, or that either she or the trustees were the victims of fraud, deceit or misrepresentation with respect to any of their mutual dealings in 1922 and 1923. We are not aware of any rule of law by which the stamp of bad faith attaches to a business transaction between parent and child, *ipso facto*, where each party is legally capable of conducting his affairs, as was the case here. Nor is there anything inherently wrong or contrary to the statute in so conducting one's affairs that his income tax may be thereby reduced.

Our conclusion, therefore, is that each petitioner is entitled to deduct his proportionate share of the losses from the sales of stock in each year.

*Decision will be entered under Rule 50.*